UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS F. REISER JR. and LINDA T. REISER, individually and as Trustees of the Tom and Linda Reiser Living Trust Dated June 20, 2006; KEITH BRIAR and BEVERLY BRIAR, individually and as Trustees of the Keith and Beverly Briar Family Trust Dated December 21, 2004; ANTHONY J. BATES, individually and as Trustee of the Anthony J. Bates Revocable Trust; AL BRENDE; SHANNON FRAZIER and RUSSELL FRAZIER, individually and as Trustees of the Frazier Family Revocable Trust Dated January 30, 2008; JASON M. GIRZADAS and VIRGINIA H. GIRZADAS; GEORGE M. HEWITT and ROSE A. HEWITT; BRETTON H. JAMESON and AMY M. JAMESON; BRENT JONES and DANA JONES, individually and as Trustees of the 1990 Jones Living Trust; JENNIFER KAPLAN and ALEXANDER BUSANSKY; STEPHEN F. LIM; MICHAEL LUNDAHL and VERLYN LUNDAHL; MARK MARKLAND and TRICIA MARKLAND, individually and as Trustees of the Markland Family Trust; CRAIG MATTSON; RICHARD T. McGREW; SUSAN L. MOYER, individually and as Trustee of the Susan Moyer Living Trust; CURTIS W. OTTLEY and JENNIFER OTTLEY; CHARLES F. PERRELL and ELIZABETH A. GUILLAUMIN, | No.  2:16-cv-00237-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

1

individually and as Trustees of the Charles F. Perrell and Elizabeth A. Guillaumin Living Trust Dated June 26, 1998; CORNELIUS H. TIEBOUT and JULIE A. TIEBOUT, individually and as Trustees of the Tiebout Family Trust; CRAIG S. TYSDAL and JANET S. TYSDAL, individually and as Trustees of the Tysdal Family Trust; ANNETTE WELTON and PATRICK WELTON, individually and as Trustees of the Welton Family Trust; and GREGORY YONKO and JANICE YONKO, individually and as Trustees of the Yonko Family Living Trust;

                Plaintiffs,

    v.

MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation; MARRIOTT OWNERSHIP RESORTS, INC., a Delaware corporation d.b.a. Marriott Vacation Club International; RITZ-CARLTON DEVELOPMENT COMPANY, INC., a Delaware corporation; RITZ-CARLTON SALES COMPANY, INC., a Delaware corporation; RITZ-CARLTON MANAGEMENT COMPANY, LLC, a Delaware limited liability company; THE COBALT TRAVEL COMPANY, LLC, a Delaware limited liability company; and DOES 1 THROUGH 50,

                Defendants.

This lawsuit concerns the sale of fractional interests in the Ritz-Carlton Club, Lake Tahoe, located in Truckee, California (the "Lake Tahoe Ritz"). Plaintiffs purchased fractional interests at the Lake Tahoe Ritz from Defendant Ritz-Carlton Development Company, Inc. ("RCDC"). The remaining Defendants are owner-affiliates of the Lake Tahoe Ritz. In their First Amended Complaint ("FAC") (ECF No. 1), Plaintiffs bring causes of action for (1) Rescission, (2) Breach of Contract, (3) Breach of the Implied Covenant of Good Faith and Fair Dealing, (4) Breach of Fiduciary Duty, (5) Violation of

the Unfair Competition Law, and (6) Aiding and Abetting.  Presently before the Court is Defendants' Motion to Dismiss all of Plaintiffs' causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 5.  Plaintiffs filed an Opposition (ECF No. 9), and Defendants filed a Reply (ECF No. 11).  For the reasons that follow, Defendants' Motion is DENIED in part and GRANTED in part.[2]

## BACKGROUND[3]

The Lake Tahoe Ritz consists of twenty-eight residential condominiums ("Club Interest Units").  Defendants fractionalized these twenty-eight Club Interest Units into three hundred thirty-six fractional interest units.  In early 2009, Defendants sold one-twelfth fractional units to Plaintiffs and approximately thirty-eight other buyers.  As owners of fractional interests, Plaintiffs were given exclusive accessibility rights to the Lake Tahoe Ritz not available to non-owners of fractional interests.  Among other benefits, Plaintiffs' ownership entitles them to spend up to twenty-one days per year at the Lake Tahoe Ritz.

Defendants' efforts to sell fractional interests in the Lake Tahoe Ritz stalled as the economy deteriorated following Plaintiffs' purchases.  In November 2011, Defendants de-annexed seventeen of the original twenty-eight Club Interest Units and sold them as regular, non-fractionalized condominium units.  In July 2012, Defendants announced a new "external exchange affiliation" between Ritz-Carlton Destination Club ("RCDC") and the Marriott Vacation Club ("MVC") that afforded MVC members many of the same privileges at the Lake Tahoe Ritz that Plaintiffs enjoy as fractional interest owners.  MVC

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Defendants' Motion to Dismiss (ECF No. 5) and Plaintiffs' Opposition thereto (ECF No. 9).

is a larger, less exclusive, and less expensive competing product managed, owned and promoted by Defendants. Through the affiliation with RCDC, MVC members can spend just as many days at the Lake Tahoe Ritz as Plaintiffs, and do so at a significantly reduced cost.

As a result of the de-annexation of Club Interest Units and the affiliation with MVC, the operational costs at the Lake Tahoe Ritz are spread only among the owners of fifty-nine fractional units rather than three hundred thirty-six fractional units that would exist if Defendants had sold all of the Club Interest Units as fractional interest units. Plaintiffs also contend that the de-annexation and MVC affiliation resulted in a significant increase in the annual dues that Plaintiffs must pay each year, a loss of access to the Lake Tahoe Ritz, and a significant reduction in the value of Plaintiffs' one-twelfth fractional interests.

Plaintiffs' resulting lawsuit alleges six causes of action: Rescission, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duties, Violation of the Unfair Competition Law and finally Aiding and Abetting. ECF No. 1. In the pending Motion to Dismiss, Defendants seek to dismiss all six of Plaintiffs' claims. ECF No. 5.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

4

detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

      A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

The Court will separately address Plaintiffs' six causes of action to determine whether they have plausibly stated a claim to relief.

### A. Rescission

Defendants argue that Plaintiffs failed to state a claim because (1) Plaintiffs did not promptly seek rescission, (2) the mistakes alleged were based on future not present events, and (3) Plaintiffs failed to offer to restore title to their fractional interests to Defendants. Each of these arguments is addressed in turn.

#### 1. Promptness

Defendants first argue that Plaintiffs' rescission claim must be dismissed because Plaintiffs failed to promptly seek rescission. Although California law does require that contracts be rescinded "promptly on discovering the facts which entitle [the party] to rescind" (Cal. Civ. Code § 1691), Defendants fail to recognize that § 1691's "promptness" requirement is subject to California Civil Code § 1693. "When relief based upon rescission is claimed in an action or proceeding, such relief shall not be denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party." Cal. Civ. Code § 1693.

Plaintiffs argue that Defendants did not and could not demonstrate substantial prejudice.  The Court agrees.  Defendants make no attempt to show substantial prejudice and appear unable to do so because Defendants experienced economic gain by de-annexing the remaining Club Interest Units, selling them as regular condominiums and subsequently affiliating with MVC.  As there is no conceivable prejudice to the Defendants from the delay in seeking rescission, lack of "promptness" is not a reason for dismissing Plaintiffs' cause of action for rescission.

### 2.  Mistakes of Fact

California law permits a party to rescind a contract "if the consent of the party rescinding was given by mistake." Cal. Civ. Code § 1689(b)(1).  Plaintiffs allege that they entered into the contract to purchase their fractional interests in the Lake Tahoe Ritz on the basis of two mistakes of fact. A mistake of fact is a mistake "consisting in belief in the present existence of a thing material to the contract, which does not exist." Cal Civ. Code § 1577.

First, Plaintiffs allege that they purchased their fractional interests in the Lake Tahoe Ritz mistakenly believing that Defendants would sell all of the Club Interest Units as fractional interest units, or at least a sufficient number to make the fractional offering viable.  FAC, ECF No. 1 ¶ 65.  Second, Plaintiffs claim that they mistakenly "understood that the Lake Tahoe Ritz-Carlton would be operated and maintained as an exclusive Ritz-Carlton Club open only to fractional owners at the Lake Tahoe Ritz-Carlton and other properties included in the Ritz-Carlton Membership Program." Id. at ¶ 66.

Defendants argue that both of these alleged mistakes are mistakes as to future events because both of these events occurred years after Plaintiffs purchased their fractional interests.  Defs.' Mot., ECF No. 5 at 8.  Defendants then contend that "there is no authority for rescission based on a mistake regarding future events." Id. (citing Paramount Petroleum Corp. v. Superior Court, 227 Cal. App. 4th 226 (2014)).

Defendants mischaracterize Plaintiffs' allegations.  As indicated above, Plaintiffs allege that they mistakenly believed Defendants would continue selling fractional

7

interests of the Lake Tahoe Ritz-Carlton at the time that they entered into the contract. Compl., ECF No. 1 ¶ 65. Plaintiffs also allege that they mistakenly believed that the Lake Tahoe Ritz-Carlton would be operated and maintained as an exclusive Ritz-Carlton Club open only to fractional owners of the Ritz-Carlton Membership Program at the time that they entered into the contract. These two allegations, accepted as true and construed in the light most favorable to Plaintiffs, plausibly constitute present mistakes of fact that support a claim for rescission.

### 3. Offer to Restore Title

To state a claim for rescission, Plaintiffs must also have offered to restore title to their fractional interests in the Lake Tahoe Ritz. See Cal. Civ. Code § 1691(b) ("to effect a rescission a party to the contract must … [r]estore to the other party everything of value which he has received from him under the contract."). Defendants argue Plaintiffs did not meet this statutory requirement.

Defendants misread Plaintiffs' FAC as well as California Civil Code § 1691, which goes on to provide that "the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both." Id. Thus, by filing a claim for rescission, Plaintiffs offered to restore title to their fractional interests in the Lake Tahoe Ritz to Defendants. Although the Court recognizes that under Plaintiffs' alternatively pleaded Unfair Competition Law claim, they indicate that a return of the deeds may not be necessary, that does not mean Plaintiffs have refused to return their deeds if their fundamental rescission claim proves successful.

Because all three of Defendants' arguments concerning the validity of Plaintiffs' rescission claim are without merit, Defendants motion to dismiss that claim is DENIED.

### B. Breach of Contract

To properly state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) performance by plaintiff; (3) defendant's breach; and (4) the resulting damages to plaintiff. Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990).

Plaintiffs allege all four of these prerequisites. Plaintiffs confirm and reference the contract in their FAC at ¶¶ 70-74. ECF No. 1. Plaintiffs allege that they performed their duties under the contract at ¶ 71. Id. Plaintiffs also contend that Defendants breached the contract throughout their FAC, and at ¶ 73 specifically point out that de-annexing Club Interest Units and underselling fractional interests in the Club Interest Units constituted a breach of the contract. Id. Finally, Plaintiffs allege they were damaged by the dramatic increase in their annual dues and the dramatic decrease in the value of their fractional interests because of Defendants' breach. Id. Nonetheless, Defendants argue that Plaintiffs' breach of contract claim should be dismissed because the contract permitted de-annexing Club Interest Units and did not require Defendants to sell any particular number of fractional interests.

As a preliminary matter, Defendants contend that Plaintiffs' reference to the contract means that the contract was "incorporated by reference" in the FAC and the Court may consider the contract in determining whether dismissal is proper without converting the motion into one for summary judgment. Defs.' Mot., ECF No. 5 at 6. The Court agrees. Even though the contract was not attached to Plaintiffs' FAC, it was "incorporated by reference" because Plaintiffs extensively referred to the contract in their FAC and the contract serves as the basis for Plaintiffs' claim. Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir.2002).

Although the contract does permit de-annexing, Defendants fail to mention that there are conditions imposed on any such activity. Specifically, according to the contract, any de-annexing that does occur "shall not be inconsistent or in conflict with the terms and provisions of this Club Interest Declaration and shall not adversely or materially affect the interests of Owners hereunder." ECF No. 5-2 at 104-05 § 8.3(c). Plaintiffs argue that the de-annexation of the Club Interest Units and the underselling of fractional interests in those Club Interest Units adversely or materially affected their interests as Owners of fractional interests because: (1) Plaintiffs' annual dues skyrocketed, (2) operational costs are shared among only fifty-nine fractional interest

9

1 owners rather than the three hundred thirty-six that Plaintiffs anticipated, (3) Plaintiffs
2 have experienced difficulty reserving their allotted twenty-one days at the Lake Tahoe
3 Ritz, and (4) the value of their fractional units has dropped drastically.  FAC at ¶¶ 55-62.
4 　　　　Whether the contract allowed Defendants to de-annex the Club Interest Units in
5 this manner and stop selling fractional interests in those Club Interest Units is not
6 properly decided at this stage of the proceedings.  Rather, to survive a pleading
7 challenge, Plaintiffs' FAC must contain "only enough facts to state a claim to relief that is
8 plausible on its face." Twombly, 550 U.S. at 556.  The Court must accept all allegations
9 of material fact as true and construe them in the light most favorable to the nonmoving
10 party, and Plaintiffs have included enough facts to plausibly state a claim to relief.
11 Accordingly, Defendants' motion to dismiss Plaintiffs' Breach of Contract claim is
12 DENIED.

13 　　　　**C.　　Breach of the Implied Covenant of Good Faith and Fair Dealing**
14 　　　　California law recognizes an implied covenant of good faith and fair dealing in
15 every contract. Lennar Mare Island, LLC v. Steadfast Ins. Co., No.
16 212CV02182KJMKJN, 2016 WL 829210, at *5 (E.D. Cal. Mar. 3, 2016).  To state a claim
17 for breach of the implied covenant of good faith and fair dealing, a plaintiff must show
18 that "the conduct of the defendant, whether or not it constitutes a breach of a consensual
19 contract term, ... unfairly frustrates the agreed upon purposes and disappoints the
20 reasonable expectations of the other party thereby depriving that party of the benefits of
21 the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371,
22 1395 (1990).
23 　　　　Plaintiffs allege that by de-annexing Club Interest Units, selling them as regular
24 condominium units, underselling fractional interests therein, and permitting affiliation with
25 MVC (which  led to an influx of MVC members at the Lake Tahoe Ritz), Defendants
26 unfairly interfered with Plaintiffs rights to receive the benefits of the contract.  ECF No. 1
27 ¶¶ 76-77.  Plaintiffs also contend that these actions were inconsistent with implied
28 promises that Plaintiffs reasonably understood to be included in the contract.  Id.  In

10

essence, Plaintiffs allege that Defendants' actions disappointed Plaintiffs' reasonable expectations under the contract and deprived Plaintiffs of the benefit of the agreement because 1) they now bear a disproportionate share of the costs of maintenance at the Lake Tahoe Ritz; 2) they have experienced a significant increase in their annual dues; 3) the value of their fractional interests has plummeted; and 4) they have experienced difficulties reserving access to their allotted 21 days a year at the Lake Tahoe Ritz. At first glance, these allegations appear sufficient to state a claim for relief. The question is whether Defendants' contentions otherwise cause the claim to fail.

Defendants argue this claim should be dismissed because de-annexing was allowed by the contract, the MVC affiliation was allowed by the contract, and the contract did not obligate Defendants to sell any particular number of fractional interests in the Club Interest Units. Defendants' contentions do not provide the Court a basis for dismissing Plaintiffs' claim because an implied covenant of good faith and fair dealing claim does not necessitate that Defendants' conduct constitute a breach of a contractual term. Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d at 1395. Rather, Plaintiffs' only duty at this stage of the proceedings is to present factual allegations that the conduct of the Defendants unfairly frustrated the agreed upon purposes of the contract and disappointed Plaintiffs' reasonable expectations. Id. By pointing to their loss of access to the Lake Tahoe Ritz, the sizable increase in their annual dues, their burden to carry a disproportionate share of the operational costs, and the loss of value of their fractional interests, Plaintiffs have done just that.

Accordingly, Defendants' motion to dismiss Plaintiffs' Breach of the Implied Covenant of Good Faith and Fair Dealing Claim is DENIED.

### D. Breach of Fiduciary Duty

To properly put forth a claim for breach of fiduciary duty a Plaintiff must plead: (1) facts plausibly showing the existence of a fiduciary relationship, (2) breach of that fiduciary relationship, and (3) damage proximately caused by that breach. Knox v. Dean, 205 Cal. App. 4th 417, 432 (2012). A fiduciary relationship arises between parties

to a transaction where one of the parties has assumed a duty to act with the utmost good faith and for the benefit of the other party. Gilman v. Dalby, 176 Cal. App. 4th 606, 614 (2009). "Absent such a relationship, a plaintiff cannot turn an ordinary breach of contract into a breach of fiduciary duty based solely on the breach of the implied covenant of good faith and fair dealing contained in every contract." Id.

Plaintiffs first allege that Defendants owed Plaintiffs a fiduciary duty to continue selling fractional interests at the Lake Tahoe Ritz until a sufficient number of fractional interests were sold to make the offering a viable investment to Plaintiffs. Although the Court is required to accept all allegations of material fact as true, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Here, Plaintiffs do not present facts plausibly giving rise to a fiduciary relationship because they fail to offer any specific allegations as to how Defendants owed them a fiduciary duty. Instead, Plaintiffs make only a blanket assertion that Defendants assumed fiduciary duties to Plaintiffs. This is a legal conclusion, not a factual allegation. Moreover, Plaintiffs' conclusion in this regard appears indistinguishable from the rationale provided to justify their breach of implied covenant of good faith and fair dealing claim. Absent a fiduciary relationship, plaintiff cannot use the basis alleged for a breach of the implied covenant of good faith and fair dealing claim as the basis for a breach of fiduciary duty claim. Gilman v. Dalby, 176 Cal. App. 4th 606, 614 (2009).

Plaintiffs also allege that Defendants owed Plaintiffs a fiduciary duty by virtue of their decision to retain and exercise control over the Lake Tahoe Ritz Club Owners' Association ("Association"). ECF No. 1 at 18 ¶ 82. Plaintiffs contend that because the Association managed Plaintiffs' fractional interests in the Lake Tahoe Ritz, a principal-agency relationship existed between the Association and Plaintiffs. According to Plaintiffs, Defendants exercised control over the Association by selecting employees, representatives and agents to serve on the board of the Association. Plaintiffs go on to contend that Defendants had a duty to act with the utmost good faith and in the best

interests of Plaintiffs in exerting control over the Association, and allege this duty was breached by the Club Owners' Association "advancing Defendants' interests at the expense of Plaintiffs' interests, and/or by failing to act as a reasonably careful fiduciary/board member would have acted under the same or similar circumstances." Id. at ¶ 83. Finally, Plaintiffs allege that the resulting damages – loss of access, increased dues, increased operational costs, loss of value of their fractional interests – were caused by Defendants' breach of the owed fiduciary duties. Id. ¶ 84.

Even accepting Plaintiffs' allegations that Defendants controlled the Association as true, the pleadings do not plausibly give rise to a fiduciary relationship between Plaintiffs and Defendants. At most, Plaintiffs have pleaded facts plausibly establishing a fiduciary relationship between Plaintiffs and the Association. That relationship does not, however, suffice to show a fiduciary bond with Defendants, who are one step removed from any link that Plaintiffs may have had with the Association. Plaintiffs have not pleaded any facts going beyond this alleged link with the Association that raises their right to relief above the speculative level. To do so, Plaintiffs had to plead facts plausibly demonstrating that Defendants assumed a duty to act with the utmost good faith and for the benefit of Plaintiffs. Simply pleading that Defendants controlled the Association does not suffice in that regard.

Additionally, Plaintiffs fail to recognize that the posture of the parties is not one in which a fiduciary relationship is ordinarily recognized. Defendants are developers and sellers of real property; Plaintiffs are buyers of real property. The "relationship of seller to buyer is not one ordinarily vested with fiduciary obligation." Martinez v. Welk Grp., Inc., 907 F. Supp. 2d 1123, 1133 (S.D. Cal. 2012). Consistent with the usual trappings of that relationship and on the basis of the pleadings now before the Court, it appears that Defendants were looking out for and acting primarily to benefit their own economic interests, as opposed to those of Plaintiffs, at all times relevant to the disputed transaction. Plaintiffs have not pleaded facts indicating that Defendants took on "duties beyond those of mere fairness and honesty," and Plaintiffs have consequently not

carried their burden of pleading facts extending beyond the traditional buyer/seller relationship that would plausibly establish a fiduciary relationship between themselves and Defendants. Martinez v. Welk Grp., Inc., 907 F. Supp. 2d 1123, 1133 (S.D. Cal. 2012).

Accordingly, Defendants' motion to dismiss Plaintiffs' cause of action for breach of fiduciary duty is GRANTED, with leave to amend.

### E. Violation of Unfair Competition Law

Under the Unfair Competition Law ("UCL") a Court may enjoin any person or entity engaging in unfair competition. Cal. Bus. & Prof. Code § 17203. The UCL creates "three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012). Plaintiffs allege Defendants violated the UCL's "unlawful" and "unfair" prongs.

#### 1. Unlawful

"[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554, (2007). Plaintiffs first allege that Defendants violated the "One-to-One Rule" of Business and Professions Code § 11250 (the "Time-Share Act"). The One-to-One Rule requires all time-share plans to maintain a one-to-one purchaser to accommodation ratio. Cal. Bus. & Prof. Code § 11250. Plaintiffs argue Defendants violated the One-to-One Rule because they experienced difficulty reserving their full twenty-one day allocation for use of the Lake Tahoe Ritz facilities.

Simply alleging difficulty in reserving their full twenty-one days of use at the Lake Tahoe Ritz, however, does not plausibly state a claim. Rather, to state a claim for violation of the Time-Share Act's One-to-One Rule, Plaintiffs must have alleged that "the total number of purchasers eligible to use the accommodations of the time-share plan during a given calendar year [exceeded] the total number of accommodations available for use in the time-share plan during that year." Cal. Bus. & Prof. Code § 11250. Plaintiffs therefore have to identify at least one instance where they were unable to

14

reserve an allotted unit at the Lake Tahoe Ritz to survive Defendants' motion to dismiss, and they have not done so.  Abramson v. Marriott Ownership Resorts, Inc., No. SACV150135AGJCGX, 2016 WL 105889, at *5 (C.D. Cal. Jan. 4, 2016) (motion to dismiss One-to-One Rule cause of action for failure to state a claim granted because Plaintiffs failed to identify a single instance where they tried to reserve a unit during their designated times but were unable to do so).  Pleading difficulty in reserving a unit during Plaintiffs' designated time is not in itself sufficient to state a claim.  Id.

Next, Plaintiffs allege Defendants violated Business and Professions Code § 11226(f).  Plaintiffs do not provide any factual allegations to support this assertion.  In any event, this provision does not appear germane to Plaintiffs' claims.  Section 11226(f) only applies to prospective purchasers and, at the time of the harm alleged, Plaintiffs were actual owners of fractional interests.  Cal. Bus. & Prof. Code § 11226.

Plaintiffs also allege that de-annexing Club Interest Units and selling them as regular condominium units violated Business and Professions Code § 11018.7.  This statutory provision is also inapplicable because it does not apply to timeshare plans.  Rather, § 11018.7 only applies to "subdivisions as defined in Sections 11000.1 and 11004.5."  Cal. Bus. & Prof. Code § 11018.7.  Section 11004.5 specifically states that time-share plans are not "subdivisions" for purposes of that chapter of the Code.  Cal. Bus. & Prof. Code § 11004.5.

Finally, Plaintiffs allege a violation of Business and Professions Code § 11252 as a basis for their UCL claim.  Section 11252 prohibits developers from materially encumbering the use rights of time-share purchasers without the written assent of at least fifty-one percent of the time-share interest owners other than the developer.  Cal. Bus. & Prof. Code § 11252.  Plaintiffs allege that the MVC merger is such an encumbrance because it diminished the value of Plaintiffs' fractional interests to nothing, or near nothing and Defendants did not obtain the written assent of at least fifty-one percent of the time-share interest owners other than the developer prior to the alleged encumbrance.  FAC at ¶¶ 60-62.

15

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The Court is not convinced by Plaintiffs' bare allegation that the value of their fractional interests diminished to nothing or near nothing. There is no basis, beyond speculation, as to the valuation of Plaintiffs' fractional interests. Plaintiffs do not contend that they attempted to sell their fractional interests. Nor are there any allegations that they listed their fractional interests for sale and received no offers. Without allegations of this sort, Plaintiffs' pleadings do not contain enough facts to plausibly state a claim under the UCL's unlawful prong.

Because Plaintiffs' FAC as it currently stands is not sufficient to state a claim under the "unlawful" prong for alleging a UCL claim, the Court must next address whether a cognizable "unfair" claim has been presented.

### 2. Unfair

Plaintiffs also allege that Defendants' practices violated the UCL's "unfair" prong. A business practice is "unfair" under the UCL if: (1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) the injury could not reasonably have been avoided by consumers themselves. Cal. Bus. & Prof. Code § 17200.

Again, the Court is not obligated to accept as true legal conclusions that are couched as factual allegations. Here, Plaintiffs' pleadings relating to the UCL's "unfair" prong are devoid of any factual allegations that indicate which of Defendants' practices are "unfair." Rather, Plaintiffs make a blanket assertion that Defendants' practices violated the "unfair" prong, caused Plaintiffs substantial injury, are not outweighed by any countervailing benefits to consumers and caused injury that Plaintiffs could not reasonably have avoided. Plaintiffs fail to apprise the Court of the grounds upon which the claim rests as there are no factual allegations asserted to support their UCL claim.

Since Plaintiffs have failed to plausibly state claims under the UCL's "unlawful" and "unfair" prongs, Defendants' motion to dismiss Plaintiffs' UCL cause of action is GRANTED, with leave to amend.

### F. Aiding and Abetting

A cause of action for Aiding and Abetting requires a Plaintiff to establish an underlying tort that was "aided and abetted." In re Mortgage Elec. Registration Sys., Inc., 754 F.3d 772, 786 (9th Cir. 2014) ("Aiding-and-abetting liability depends on the existence of an underlying tort"). In their FAC, Plaintiffs do not specify the tort on which their aiding and abetting claim is based. ECF No. 1 at 20. Perhaps noticing this shortcoming, Plaintiffs' claim in opposition to Defendants' Motion that the predicate cause of action is for aiding and abetting a breach of fiduciary duty. ECF No. 9 at 12.

Even if the Court considers Plaintiffs' claim as one of aiding and abetting a breach of fiduciary duty, as indicated above, the Court has already dismissed Plaintiffs' breach of fiduciary duty claim for failing to state a viable cause of action. Plaintiffs consequently cannot base their aiding and abetting claim on a breach of fiduciary duty cause of action at this juncture. Without an underlying tort, Plaintiffs' aiding and abetting cause of action necessarily fails.

Accordingly, Defendants' motion to dismiss Plaintiffs' cause of action for Aiding and Abetting is GRANTED, with leave to amend.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 5) is GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED to the extent it seeks dismissal of Plaintiffs' Breach of Fiduciary Duty, Unfair Competition Law and Aiding and Abetting claims. Plaintiffs are granted an opportunity to amend each of these claims, however, and can file a Second Amended Complaint not later than thirty (30) days following the date this order is electronically filed should they choose to do so. Defendants' Motion is

///

///

///

DENIED to the extent it seeks dismissal of Plaintiffs' Rescission, Breach of Contract and Implied Covenant of Good Faith and Fair Dealing claims.

IT IS SO ORDERED.

Dated: April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT